UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
HOMERO BORDAS,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Plaintiff,　　　　　　:
　　　　　　　　　　　　　　　　　　　　:　**OPINION AND ORDER**
　　　　　　　-against-　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:　04 Civ. 8904 (AKH)
CHARLES GREINER, Superintendent,　　　　:
Green Haven Correctional Facility;　　　　　:
Correctional Lieutenant KEYSER;　　　　　 :
Correctional Sergeant ULRICH;　　　　　　:
Correctional Officer MILLER;　　　　　　　:
Correctional Officer KUTZ, individually　　　:
and in their official capacities.　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Defendants.　　　　　:
------------------------------------------------------x

ALVIN K. HELLERSTEIN, UNITED STATES DISTRICT JUDGE:

　　　　　　Plaintiff Homero Bordas, who is proceeding pro se, filed this complaint against various officials at the New York State Green Haven Correctional Facility ("Green Haven") pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the named Defendants violated his rights under the First, Sixth, Eighth and Fourteenth Amendments by conducting improper searches of his person and cell and by allowing or causing the loss of papers relevant to his criminal appeal. The Defendants have moved to dismiss portions of Plaintiff's complaint for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6). For the reasons stated below, I find that the Defendant's motion should be granted and that portions of the Plaintiff's complaint should be dismissed accordingly.

**BACKGROUND**

　　　　　　According to the complaint, Plaintiff was incarcerated at Green Haven between April and October of 2001. On September 4, 2001, Plaintiff was subjected to a pat frisk by Defendants Ulrich and Miller, as well as other unnamed correctional officers,

1

during which Defendant Miller screamed at the Plaintiff in an attempt to intimidate him. Later that same day, Plaintiff was subjected to a strip frisk and placed under keep lock pursuant to the orders of Defendants Keyser and Ulrich. Plaintiff's cell was subsequently searched in a callous manner by Defendant Miller and another officer at the facility.

On September 10, 2001 Defendant Kutz took a box of mail containing legal documents that belonged to the Plaintiff. On September 11, 2001, Defendant Miller returned the opened box of papers to the Plaintiff. Plaintiff complained that his mail had been opened outside of his presence and also asserted that certain legal documents were missing. Plaintiff then filed a grievance with prison authorities and sent a complaint to Defedant Greiner, the prison Superintendent and prison officials conducted an internal investigation.

### STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss requires the court to determine if plaintiff has stated a legally sufficient claim. A motion to dismiss under Rule 12(b)(6) may be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Branum v. Clark, 927 F.2d 698,705 (2d Cir.1991). The court's function is "not to assay the weight of the evidence which might be offered in support" of the complaint, but "merely to assess the legal feasibility" of the complaint. Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir.1980). In evaluating whether plaintiff may ultimately prevail, the court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. See Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co., 32 F.3d 697, 699-700 (2d Cir.1994). Moreover, a complaint submitted pro se must be liberally construed and is held to a less rigorous

standard of review than formal pleadings drafted by an attorney. Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); Salahuddin v. Coughlin, 781 F.2d 24, 28-29 (2d Cir.1986). "A complaint fails when, drawing all such reasonable inferences in plaintiff's favor, the complaint still falls short of setting out a legally sufficient claim." Colon v. Russett, No. 02 Civ. 9982(AKH), 2004 WL 992703, at *1 (S.D.N.Y. May 5, 2004).

**DISCUSSION**

*A. All Claims Arising from Actions and Events Occurring Prior to September 9, 2004 are Time-Barred*

The actions of which Plaintiff complains occurred between September 4 and September 11, 2001. The complaint was signed by Plaintiff on September 9, 2004 and was received by the Pro Se Office on September 20, 2004. Under the "prison mailbox rule," documents submitted by a pro se litigant are deemed filed when delivered to prison officials for mailing. See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993). For the purposes of this Motion, it is assumed that the Plaintiff gave the complaint to prison officials on the date he signed it and the complaint is therefore deemed filed as of September 9, 2004.

Section 1983 does not provide for a specific statute of limitations. 42 U.S.C. § 1983. Instead, federal courts apply the relevant state law limitations period for personal injury actions to § 1983 actions. See Wilson v. Garcia, 471 U.S. 261, 276 (1985). In New York, the applicable statute of limitations for personal injury actions is three years. N.Y. C.P.L.R. § 214(5) (McKinney 2003).

In this instance, Plaintiff alleges violations of his constitutional rights that occurred between September 4 and September 11, 2001. In order to comply with the

applicable three year statute of limitations period, Plaintiff's complaint must have been filed within three years of those dates. In paragraphs 14 through 18 of his complaint, Plaintiff alleges that his person and cell were subjected to improper searches on September 4, 2001. These allegations are distinct from Plaintiff's further allegations that prison officials improperly interfered with his mail on September 10 and 11, 2001. As such, the applicable statute of limitations period expired on September 4, 2004, five days before Plaintiff filed the instant complaint.

Plaintiff, however, asserts that the statute of limitations period should be tolled because he was denied access to his legal materials in September of 2004, the time of the period's expiration, when he was transferred between correctional facilities. Equitable tolling is applied in the Second Circuit "'as a matter of fairness' where a plaintiff has been 'prevented in some extraordinary way from exercising his rights.'" Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996) (quoting Miller v. International Tel. & Tel. Corp., 755 F.2d 20, 24 (2d Cir.), *cert. denied,* 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985)). In this instance, there are no facts that would warrant application of the equitable tolling doctrine. Plaintiff was free to assert his claims at any time within the three years following the alleged violations, in September of 2001. The fact of his transfer to a new correctional facility on or about September 2, 2004 does not excuse his late filing. Because there is no evidence of the Plaintiff have been prevented from exercising his rights in some "extraordinary way," this court declines to apply the equitable tolling doctrine and Plaintiff's claims arising from the events of September 4, 2001 are therefore dismissed.

*B. Defendant Greiner is Dismissed Because of Lack of Personal Involvement in the Actions Complained of by Plaintiff*

In his complaint, Plaintiff names the Superintendent of Green Haven, Charles Greiner, as a Defendant. The complaint does not allege any personal involvement in the actions complained of, but alleges instead that he failed to respond appropriately to the complaint filed by Plaintiff.

Personal involvement of a defendant is a prerequisite for liability under § 1983. <u>Colon v. Coughlin</u>, 58 F.3d 865, 873 (2d Cir. 1995). Under the test set forth in <u>Colon</u>, personal involvement of a supervisory official may be established by evidence that: 1) the official participated directly in the alleged constitutional violation; 2) the official, after being informed of the violation through a report or appeal, failed to remedy the wrong; 3) the official created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; 4) the official was grossly negligent in supervising subordinates who committed the wrongful acts; or 5) the official exhibited deliberate indifference to the rights of others by failing to act on information indicating that unconstitutional acts were occurring.

Here, there is no suggestion of any direct involvement by Defendant Greiner in any of the events alleged by the Plaintiff. Further, the exhibits to Plaintiff's complaint demonstrate that, upon receipt of Plaintiff's letter, Defendant Greiner instructed Defendant Totter to conduct an investigation into the matter. Finally, outside of Plaintiff's conclusory statement that Defendant Greiner was "negligent, careless and indifferent," Plaintiff makes no allegation that Defendant Greiner created a custom of allowing constitutional violations or that Defendant Greiner was grossly negligent or deliberately indifferent.

Having failed to allege facts sufficient to establish the personal involvement of Defendant Greiner under the standard set forth in Colon, Plaintiff's complaint against Defendant Greiner is dismissed.

In accordance with the foregoing, the allegations set forth in paragraphs 14 through 18 of the Plaintiff's complaint relating to the search of his person and cell on September 4, 2001 are stricken as are the allegations pertaining to Defendant Greiner along with related allegations and prayer for relief. Plaintiff's allegations as to the improper interference with his mail on September 10 and 11, 2001 and as against the other Defendants remain for further proceedings.

The Attorney General and the Plaintiff pro se are hereby directed to appear for a status conference on December 2, 2005 at 10:30. Because Plaintiff pro se is incarcerated, the Attorney General is hereby directed to arrange for Plaintiff to participate by phone. Plaintiff must contact chambers at (212) 805-0152 at the above scheduled time. The Attorney General shall also serve a copy of this Order on counsel for all parties and retain proof of such service.

SO ORDERED.

Dated: New York, New York
November 10, 2005

ALVIN K. HELLERSTEIN
United States District Judge